UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| CYNTHIA ANN RIVERA, | : |
| --- | --- |
| Plaintiff, | : |
| | : |
| v. | : Civil No. 3:17CV109 (AWT) |
| | : |
| NANCY A. BERRYHILL, | : |
| ACTING COMMISSIONER OF SOCIAL | : |
| SECURITY, | : |
| Defendant. | : |

**ORDER REMANDING CASE**

For the reasons set forth below, the decision of the Commissioner is remanded for the limited purpose discussed below.

The Commissioner contends that "[t]he RFC for medium work was supported by the medical evidence and record as a whole." Def.'s Mem. to Affirm ("Doc. No. 19") at 5. The Commissioner notes that the ALJ "correctly assigned 'less weight'" to the November 6, 2013 medical assessment (physical) for light work from Carol R. Honeychurch and the March 18, 2014 medical assessment (physical) for light work from Barbara Cochran "because evidence submitted since th[ese] assessment[s] showed the ability to perform medium work". Id. at 5. The Commissioner then summarizes evidence showing that the November 28, 2012 right knee arthroscopic surgery performed by Dr. Spak

was generally successful in relieving the plaintiff's symptoms. See Doc. No. 19 at 5.

However, with respect to the conclusion that the plaintiff has the ability to perform medium work, the Decision states:

> <u>Additional medical evidence</u> received in the course of developing the claimant's case for review at the administrative hearing level, consistent with medical evidence in the record, justifies a conclusion that the claimant's impairments are less severe than was concluded by the State non-examining doctors. <u>Additional evidence</u> received supports only a medium exertional level, due to the claimant's lack of treatment for her ongoing pain complaints.

R. at 25 (emphasis added). The plaintiff asserts that there is <u>no</u> evidence in the record to substantiate a conclusion that the plaintiff is capable of doing medium work, which requires lifting no more than 50 pounds at a time and frequently lifting or carrying up to 25 pounds. See Pl. Mem. (Doc. No. 15) at 13.

The court has reviewed the record and cannot reach a conclusion as to what "additional medical evidence" is being referred to by the ALJ in the Decision at page 25 of the Record as supporting only a medium exertional level.

The court has also reviewed the Commissioner's memorandum for guidance as to what is the "additional medical evidence" referred to at page 25 of the Record. Although the Commissioner twice refers to "evidence submitted since this assessment" and cites to the Record, the Commissioner does not identify the additional medical evidence or cite to it.

2

Given the current state of the record, the court concludes that it is unable to conduct a proper review of the Decision. Therefore, this case is being remanded for the limited purpose of having the ALJ identify what "additional medical evidence" is being referred to in the portion of the Decision quoted above, although any other steps that the parties and/or the ALJ agree should be taken to clarify the record or properly resolve this case (including, without limitation, supplementing the record) should also be taken. This is necessary (1) so that the claimant has an adequate understanding of why the ALJ found her capable of doing medium work after the two state agency consultants determined she was only able to do light work; and (2) so that the court has an adequate basis for reviewing the Decision.

In light of the limited nature of the remand, the court does not address the plaintiff's request to re-open the prior application.

Accordingly, Plaintiff's Motion to Reverse, or Alternatively, Remand (Doc. No. 14) is hereby DENIED without prejudice, and Defendant's Motion for an Order Affirming the Commissioner's May 29, 2015 Final Decision Pursuant to 42 U.S.C. § 405(g) (Doc. No. 19) is hereby DENIED without prejudice.

This case is hereby **REMANDED** to the Commissioner for further proceedings consistent with this order.

The Clerk's Office is instructed that, if any party motions to reopen this appeal after remand, the case is to be assigned directly to the undersigned.

The Clerk shall close this case.

It is so ordered.

Dated this 27th day of March 2018, at Hartford, Connecticut.

                                           /s/AWT
                                Alvin W. Thompson
                     United States District Judge