**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**


CYNTHIA ANN RIVERA,                    :
   Plaintiff,                         :
                                       :
v.                                     : Civil No. 3:17CV109 (AWT)
                                       :
NANCY A. BERRYHILL,                    :
ACTING COMMISSIONER OF SOCIAL          :
SECURITY,                              :
   Defendant.                         :


## AMENDED ORDER REMANDING CASE

For the reasons set forth below, the court is amending its

original remand order.

As noted in the court's Order Remanding Case (Doc. No. 20),

the Commissioner contends that "[t]he RFC for medium work was

supported by the medical evidence and record as a whole."

Def.'s Mem. to Affirm ("Doc. No. 19") at 5.  The Commissioner

asserts that the Administrative Law Judge ("ALJ") "correctly

assigned 'less weight'" to the November 6, 2013 medical

assessment (physical) for light work from Carol R. Honeychurch

and the March 18, 2014 medical assessment (physical) for light

work from Barbara Cochran "because evidence submitted since

th[ese] assessment[s] showed the ability to perform medium

work".  Id. at 5.  With respect to the conclusion that the

plaintiff has the ability to perform medium work, the ALJ's

Decision states:

> Additional medical evidence received in the course of developing the claimant's case for review at the administrative hearing level, consistent with medical evidence in the record, justifies a conclusion that the claimant's impairments are less severe than was concluded by the State non-examining doctors. Additional evidence received supports only a medium exertional level, due to the claimant's lack of treatment for her ongoing pain complaints.

R. at 25 (emphasis added). The plaintiff asserts that there is

no evidence in the record to support a conclusion that the

plaintiff is capable of doing medium work, which requires

lifting no more than 50 pounds at a time and frequently lifting

or carrying up to 25 pounds. See Pl.'s Mem. to Reverse (Doc.

No. 15) at 13.

When the court looked for guidance in the defendant's

memorandum as to where any such evidence could be found, the

court found that although there are two referrals to "evidence

submitted since this assessment" and citations to the record,

the defendant did not identify the additional medical evidence

or cite to it. See Doc. No. 19 at 2. Consequently, the court

remanded the case for the limited purpose of having the ALJ

identify this "additional medical evidence" (1) so that the

claimant has an adequate understanding of why the ALJ found her

capable of doing medium work after the two state agency

consultants determined she was only able to do light work and

(2) so that the court has an adequate basis for reviewing the
Decision.

After the Order Remanding Case was issued, the plaintiff
requested, and the defendant objected to, an amendment setting a
time limit for the ALJ's response.  See Pl.'s Mot. to Amend
Order Remanding Case (Doc. No. 22) at 1; Def.'s Mot. in Resp.
("Doc. No. 24") at 1.  The defendant stated that "what [counsel]
and the ALJ meant was that the medical evidence since the
November 28, 2012 knee-surgery did not support the November 6,
2013 and March 18, 2014 medical 'assessments' for light work
from the two state agency medical sources (Drs. Honeychurch and
Cochran)."  Doc. No. 24 at 2.

"A district court reviewing a final [] decision . . . [of
the Commissioner of Social Security] pursuant to section 205(g)
of the Social Security Act, 42 U.S.C. § 405(g), is performing an
appellate function."  Zambrana v. Califano, 651 F.2d 842, 844
(2d Cir. 1981).  The court may not make a de novo determination
of whether a plaintiff is disabled in reviewing a denial of
disability benefits.  See Wagner v. Sec'y of Health & Human
Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the court's
function is to ascertain whether the Commissioner applied the
correct legal principles in reaching a conclusion and whether
the decision is supported by substantial evidence.  See Johnson
v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

The correct legal principles were not applied in this case. An ALJ "must explain the weight given" to the assessment of a State agency medical consultant. SSR 96-7p[1]. The Decision states that "[a]dditional medical evidence . . . justifies a conclusion that the claimant's impairments are less severe than was concluded by" Drs. Honeychurch and Cochran and that "[a]dditional evidence received supports only a medium exertional level." R. at 25 (emphasis added). If there is no such additional evidence, as the defendant now concedes (Doc. No. 24 at 2), then the ALJ rather than counsel must reevaluate the evidence and justify the weight given the assessments.

When evaluating the State agency medical consultant assessments the ALJ must consider all of the factors set forth in 20 C.F.R. § 404.1527(c)(1)-(6). See SSR 96-6p[2]. Here the ALJ did not do so.

The ALJ's Decision must also justify a finding of a medium exertional level. "Medium work involves lifting" up to "50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R § 404.1567(c). The defendant appears to suggest that the plaintiff's testimony that "she was unable to lift 'much in pounds' due to three hernia-

---

[1] Superseded by SSR 16-3p but applicable here because the ALJ's opinion was issued on May 29, 2015, prior to March 27, 2017, the effective date of rescission).
[2] Superseded by SSR 17-2p but applicable here because the ALJ's opinion was issued on May 29, 2015, prior to March 27, 2017, the effective date of rescission).

repair surgeries" was not credible because she "was able to lift a bag of groceries and put it in her trunk." Doc. No. 24 at 4 (citing Tr. 43-44[3]). However, the ability to lift a bag of groceries is not the same as the ability to lift and carry up to 25 pounds frequently, as required for medium work. The Dictionary of Occupational Titles defines "frequently" as cumulatively more than 1/3 up to 2/3 of an 8-hour day. DICOT 361.685-018 (G.P.O.), 1991 WL 672987 (Laundry Worker II); DICOT 920.587-018 (G.P.O.), 1991 WL 687916 (Packager, Hand). No evidence cited supports the conclusion that the bags the plaintiff carried weighed between 10 and 25 pounds or that she could lift such weight frequently enough to support a finding of medium work.

---

[3] The transcript of the oral hearing reads as follows:

Q  How about, we talk about lifting stuff up.  Can you lift much in pounds?
A  No, I've had two hernia repairs and I need a third as we speak as a result of a gastric bypass I had 12 years ago.  I keep getting hernias now.
Q  Well what's the heaviest thing you lifted in pounds in the last couple of weeks?
A  In pounds.  I really couldn't say.  A bag of food from the grocery store, I guess, to put in my trunk.
Q  In pounds would be?
A  I have no idea.  I don't know what is a bag.  I don't know.
Q  And how about --
A  A couple pounds.
Q  Sorry?
A  A couple of pounds, I guess.  I don't know.

R. at 43 (emphasis added).

Therefore, this case is being remanded (1) for reconsideration of the weight given the assessments of Drs. Honeychurch and Cochran and an analysis of 20 C.F.R. § 404.1527(c) factors; (2) for reconsideration and a clear explanation of the support for the plaintiff's exertional level and residual functional capacity; and (3) to address any other issues the parties and/or the ALJ agree are necessary to clarify the record or properly resolve this case including, but not limited to, supplementing the record and reopening the prior application.

Accordingly, the plaintiff's Motion to Amend Order Remanding Case (Doc. No. 22) is hereby GRANTED as to the amendment and DENIED as to imposing a time limit. The Order Remanding Case (Doc. No. 20) is VACATED. The Plaintiff's Motion to Reverse, or Alternatively, Remand (Doc. No. 14) is GRANTED. The defendant's Motion for an Order Affirming the Commissioner's May 29, 2015 Final Decision Pursuant to 42 U.S.C. § 405(g) (Doc. No. 19) is DENIED without prejudice.

This case is hereby **REMANDED** to the Commissioner for further proceedings consistent with this order.

The Clerk's Office is instructed that, if any party motions to reopen this appeal after remand, the case is to be assigned directly to the undersigned.

It is so ordered.

Dated this 4th day of May 2018, at Hartford, Connecticut.


                                   /s/AWT
                              Alvin W. Thompson
                         United States District Judge